IN THE MATTER OF THE PETITION OF EMILY COX BELL
FOR A DECLARATION. OF HER RIGHTS UNDER A
DEED.

Argued May 7, 1924—Decided May 12, 1924.

Title to Real Estate—Clouds—Procedure to Remove—Action
Under "Uniform Declaratory Judgments Act of 1924 Must
Show Person Having Claim Affected by Title.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the petitioner, *Earle A. Merrill*.

PER CURIAM.

Emily Cox Bell, the petitioner, by a petition signed by her
attorney (but not by the petitioner), avers that there is a
cloud upon her title to certain lands therein described by
reason of the form of a deed in her chain of title executed
by Mary Ann Taylor and George Taylor, and asks this court
to grant her relief by declaring what are her rights as the
successors in interest of James H. Taylor, the grantee named
in that deed, and we are asked to do this by virtue of the
authority said to be contained in chapter 140 of the laws of
1924, known as the Uniform Declaratory Judgments act.

It appears that the petitioner claims to be the owner of the
lands in fee, and we are also told that the validity of the
deed, by virtue of which the fee is claimed, is questioned, by
reason of what appears, or, perhaps, more properly what does
not appear, in the deed.

Now, without expressing any opinion as to the validity of
the act, or as to the sufficiency of the petition otherwise, we
are satisfied that jurisdiction to determine the questions pre-
sented by the petition has not been conferred upon the court.
Section 11 of the act provides:

"When declaratory relief is sought, all persons shall be
made parties who have or claim any interest which would be
affected by the declaration * * *."

Manifestly, there must be some person or persons who have or claim an interest which would be affected. Such is the reasonable inference to be drawn from the statements of the petition. Moreover, if such were not the case, there would seem to be no purpose in asking for the declaration of the petitioner's rights.

Now, no person whatsoever is made a party to the petition or proceedings. So far as appears no notice has been given to any person, nor has any person been otherwise brought into the proceedings by process or in anywise whatsoever.

We, therefore, feel constrained to refrain from making any declaration as to the petitioner's rights in question, and, accordingly, deny the prayer of the petition.